Rachel Rebecca Stevens (261360)
Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA
Telephone: 215-540-8888
Facsimile: 215-540-8817
rstevens@creditlaw.com
aginsburg@creditlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LESLIE WEGER,** | Case No.: 2:17-cv-01719-JAM-EFB |
| Plaintiff. | **[~~PROPOSED~~] ORDER AUTHORIZING METRO PCS TO PRODUCE CELLULAR TELEPHONE RECORDS** |
| v. | |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC** | Date: April 4, 2018 |
| | Time: 10:00 a.m. PST |
| | Location: Robert T. Matsui Courthouse |
| | 501 I Street, Fl. 13, Court 8 |
| | Sacramento, CA 95814 |
| | Hon. Edmund F. Brennan, U.S.M.J. |
| | Complaint Filed: August 18, 2017 |
| | Trial Date: December 10, 2018 |

## [PROPOSED] ORDER

**I.     INTRODUCTION**

Plaintiff, Leslie Weger ("Plaintiff") moves for an order authorizing

**1**
[~~PROPOSED~~] ORDER AUTHORIZING PRODUCTION OF CELLULAR
TELEPHONE RECORDS

Metro PCS/T-Mobile to release and produce cellular telephone records for the number 530-315-8477 from May 1, 2016, through September 30, 2017, in response to Plaintiff's subpoena served on December 27, 2017.[1]  After careful consideration of the briefing, and given that the motion is unopposed, this Court hereby GRANTS the Motion.

## II. BACKGROUND

This case was brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("RFDCPA") and, among other things, alleges harassing debt collection telephone calls to Plaintiff's cellular telephone number of 530-315-8477 from Defendant. See Docket Entry No. 1. The FDCPA prohibits several kinds of harassing debt collection activity, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" respectively. See 15 U.S.C. §1692 and §1692d(5). In our case, Plaintiff's Complaint includes allegations that Defendant made excessive calls to her cellular phone to collect a debt and continued to call repeatedly after being told to stop. See Docket Entry No. 1 at ¶13-¶19. Defendant denies Plaintiff's claims.

---

[1] The court has determined that oral argument would not materially assist in the resolution of the motion, and the hearing noticed for April 4, 2018, is hereby vacated. *See* E.D. Cal. L.R. 230(g).

Plaintiff subpoenaed the cellular telephone records for 530-315-8477 on December 27, 2017. However, Metro PCS did not produce the telephone records, but responded to the subpoena that it cannot provide records for a California cell phone absent a court order authorizing production. Because the 530-315-8477 number is a prepaid cellular telephone with a California area code for which Metro PCS does not keep records of the subscriber name and California law, requires a court order or written consent from the subscriber for a cellular carrier to release subpoenaed records. As such, the requested relief is necessary to obtain the telephone records, an important source of relevant evidence in this case.

**II.    LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). As further set forth in Rule 26(b)(1), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Rule 26 governs the scope of discovery for both parties and non-parties, so a subpoena under Federal Rule of Civil Procedure 45 may be issued to a non-party to discover any information that would be properly discoverable if it is was in the hands of party. See Fed. R. 26(b)(1) and Fed R. Civ. P. 45, Advisory Comm. Notes ("Paragraph (a)(2) makes clear that…the nonparty witness is subject to the same scope of discovery under the rule as a person would be as a party to whom a request is addressed pursuant to Rule 34").

## III. DISCUSSION

A court order authorizing Metro PCS to produce the subpoenaed telephone records for Plaintiff's cellular telephone number of 530-315-8477 for the period between May 1, 2016, and September 30, 2017, is therefore proper because these records are relevant evidence in possession of a non-party that would be properly discoverable if possessed by a party. See Fed. R. 26(b)(1) and Fed R. Civ. P. 45, Advisory Comm. Notes ("Paragraph (a)(2) makes clear that…the nonparty witness is subject to the same scope of discovery under the rule as a person would be as a party to whom a request is addressed pursuant to Rule 34").

This information is relevant because it is bears upon facts that could impact the outcome of the case. First, as the Plaintiff alleges that Defendant violated the FDCPA and RFDCPA by placing repeated calls to her cellular telephone, these records are likely to capture the date, time, and possibly duration of many of these calls. Second, the Plaintiff alleges the Defendant violated the FDCPA and RFDCPA by calling after she had conversations with them where she told them to stop calling. While phone records will not show the content of conversations, they may shed light on whether calls were answered and the duration of any conversations. Accordingly, since Plaintiff's cellular telephone records may contain evidence regarding the dates and times of calls, duration of calls, etc., they are a source of potentially relevant evidence in this case.

Finally, Metro PCS has not challenged the Plaintiff's subpoena as improper. Instead Metro PCS has indicated that it can comply, but only if the Court issues an order allowing it do so. The parties also have conferred and the Defendant does not oppose this request.

## IV. CONCLUSION

Based on the foregoing, the Plaintiff's Consent Motion for an Order Authorizing Production of Cellular Telephone Records by Metro PCS is **GRANTED**.

IT IS SO ORDERED.

DATED: April 3, 2018.

_____
Hon. Edmund F. Brennan
United States Magistrate Judge

**5**
[PROPOSED] ORDER AUTHORIZING PRODUCTION OF CELLULAR
TELEPHONE RECORDS